ZHI LIN, Petitioner,

v.

Alberto GONZALES, Respondent.

No. 07-0436-ag.

United States Court of Appeals, Second Circuit.

July 20, 2007.

Michael Brown, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Lisa M. Arnold, Senior Litigation Counsel; Jamie M. Dowd, Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhi Lin, a native and citizen of the People's Republic of China, seeks review of a January 17, 2007 order of the BIA affirming the July 27, 2005 decision of Immigration Judge ("IJ") Elizabeth Lamb denying Lin's applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zhi Lin,* No. A 78 861 463 (B.I.A. Jan. 17, 2007), *aff'g* No. A 78 861 463 (Immig. Ct. N.Y. City, July 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Substantial evidence supports the BIA's and IJ's adverse credibility findings. Although several of the IJ's subsidiary findings are open to question, the IJ accurately observed that Lin testified repeatedly that his mother was released from detention in August 2003, but that his mother and cousin stated in their letters that she was released in August 2002. When asked to explain this discrepancy, Lin merely reiterated that his mother was released in August 2003. Because this inconsistency involved the crux of Lin's claim that his parents were detained due to their practice of Falun Gong, it substantiated the IJ's adverse credibility finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

In light of the IJ's proper adverse credibility finding, denial of asylum was supported by substantial evidence. Because the only evidence of a threat to Lin's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success·on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Accordingly, we need not reach the BIA's and IJ's alternative burden of proof findings.

Because Lin has failed to challenge the BIA's and IJ's denial of his CAT claim before this Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, any such argument is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot, and the pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).